Mr. Chief Justice Hall
delivered the opinion of the Court.
In this case Mary Bauer, formerly Mary Sharp, filed her claim with the Industrial Commission of Colorado, hereinafter referred to as the Commission, seeking compensation benefits on account of the accidental death on December 12, 1958, of her husband Fred Raymond Sharp, which death she claims arose out of and during the course of his employment as Superintendent of Operations at the Sugar City, Colorado, plant of the National Sugar Manufacturing Company, one of the plaintiffs in error.
Hearing was had on this claim on September 23, 1959, and on October 18, 1959, the referee made findings and awarded claimant total compensation of $11,466.00, payable at the rate of $159.25 per month. This award was affirmed by the Commission on April 22, 1960. On May 2, 1960, plaintiffs in error filed with the Commission their “Application for Review of Claim and Petition to Reopen,” wherein they (1) reiterate their contentions that there is no proof that the accident arose out of the employment, and (2) notified the Commission that claimant had remarried on February 10, 1960, and that *438 on such remarriage her rights to compensation terminated, as provided by C.R.S. ’53, 81-11-7.
On May 31, 1960, the Commission affirmed the award of the referee and its award of April 22, 1960. It made no comment on the fact that the claimant had remarried nor any ruling on the contention that on remarriage her right to further compensation terminated.
On June 15, 1960, plaintiffs in error filed their complaint in the district court, seeking review of the findings of the Commission that the injuries arose out of the employment and seeking determination of the question as to whether payments terminated on remarriage of claimant. Claimant answered, admitting her remarriage and requesting that she be awarded one half of the maximum benefits awarded to her and unpaid at the time of her remarriage. The Commission answered and asked that the award of the Commission be affirmed.
On December 20, 1960, the trial court entered an order remanding the entire matter to the Commission for finding as to the effect of the remarriage on claimant’s rights to further compensation payments.
On January 11, 1961, the Commission made its supplemental award, wherein it (1) reaffirmed its previous finding and award, and (2) found that claimant had remarried February 12, 1960, and that her rights to compensation payments then terminated.
On March 8, 1961, the trial court entered its final order or judgment affirming that part of the order of the Commission awarding compensation and reversing that part of the order which denied claimant’s right to receive a lump sum settlement in an amount equal to one half of the payments remaining unpaid at the time of the remarriage.
Plaintiffs are here by writ of error seeking reversal and judgment directing (1) that claimant’s claim for compensation be denied for the reason that there was no evidence before the Commission which warrants any finding that decedent’s injuries and death arose out of *439 his employment or had any connection therewith, and (2) that if they are not sustained as to this contention, that the supplemental order of the Commission terminating payments as of the date of the remarriage be affirmed and the district court judgment to the contrary be reversed.
From the record it appears without contradiction that decedent was the Superintendent of the sugar factory located at Sugar City. He was in full charge thereof, had no specified working hours, worked long hours during the fall campaign and fewer hours during the slack season. It was his responsibility to see that the operations of the company proceeded efficiently and without interruption. He often made trips combining company business with pleasure; other trips where he combined company business with his own personal affairs. His wife accompanied him on numerous such trips.
On the day of his death he was proceeding by automobile from Sugar City to Pueblo; his wife and grown son were with him. There is no doubt that his wife intended to do some shopping and his son wanted to see his married sister in Pueblo. The evidence as to decedent’s purpose in going to Pueblo is not entirely clear; however, among other things, the record shows and the Commission found that he had stated that he would not go to Pueblo in such weather “if I did not have to”; that before leaving he had returned to the plant to “get specifications to take with him on the trip”; that the sugar company had considerable business dealings in Pueblo, and decedent frequently had occasion to go to Pueblo on company business, and that he frequently combined company business with pleasure or his own business on various trips, accompanied by his wife.
The Commission found that:
“* * * decedent was killed in an accident which arose out of and in the course of his employment.”
We have repeatedly held that the Commission is the fact finding body and that only in cases where there *440 is no credible evidence to sustain the finding should the same be disturbed on review.
We believe, as did the trial judge, that the foregoing finding of the Commission is supported by credible evidence and that the judgment of the trial court affirming this portion of the award of the Commission should be affirmed.
With reference to the question as to whether remarriage terminates compensation as of such date, answer to that question is to be found in our opinion in Case No. 19,713, Creacy v. Industrial Commission, decided this day.
That part of the judgment affirming the award of compensation by the Commission is affirmed; that portion of the judgment directing the payment of compensation subsequent to the remarriage of claimant is reversed, with directions to the trial court to modify its judgment so as to fully affirm the award of the Commission.